EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRADLEY J. MCLACHLAN et al.,** <br> *Plaintiffs,* <br><br> **v.** <br><br> **THE BOARD OF TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN et al.,** <br> *Defendants.* | **CIVIL ACTION** <br><br> **NO. 22-4115** |

### ORDER RE: MOTION TO DISMISS

The Court heard argument on the Motion to Dismiss in this case on May 26, 2023, and counsel answered various questions that had been previously submitted by the Court.

The Court understands that Defendants concede that both Plaintiffs have standing on some of the claims made in the Amended Complaint, but not all of the claims. Plaintiffs have not come forward with any further or sufficient facts to show that both Plaintiffs have standing on all claims made.

Considering that this is a Rule 12 motion, the Court disagrees with Defendants that the Complaint should be dismissed because one Plaintiff may not have standing on all claims. This is a proposed class action, and it is quite possible that each Plaintiff will be a class representative on some, but not all of the claims. See Haas v. Pittsburgh Nat. Bank, 526 F.2d 1083, 1095-98 (3d Cir. 1975) (tolling statute of limitations when amended complaint added new plaintiff who had standing to pursue claim against one defendant since original representative did not).

As to the other grounds for the Rule 12 motion, the Court finds that the factual material presented by Defendants requires the Court to consider this as a motion for summary judgment and therefore Plaintiffs are entitled to discovery. See Fed. R. Civ. P. 12(d).

The Court rejects Defendants' arguments that the Complaint is insufficient under ERISA jurisprudence of the Supreme Court, and finds that Third Circuit caselaw requires this Court to construe an ERISA complaint liberally.  See Sweda v. Univ. of Pennsylvania, 923 F.3d 320 (3d Cir. 2019) ("[ERISA's] remedial scheme 'counsel[s] careful and holistic evaluation of an ERISA complaint's factual allegations before concluding that they do not support a plausible inference that the Plaintiff[s] [are] entitled to relief.'  The complaint should not be 'parsed piece by piece to determine whether each allegation, in isolation, is plausible'") (citing Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594, 598 (8th Cir. 2009)).[1]  The Court finds that Plaintiffs' facts are sufficient under Twombly and Iqbal to require Defendants to answer the Complaint.

As stated at the argument, the Court does agree with Defendants that the Plaintiffs are going to have to delineate their individual situations, and each Plaintiff shall serve on Defendants, within 30 days, a complete factual statement of each Plaintiff's investments in the subject matter of this case, with dates, amounts, and identification of any investment advisors relied on.

Further, as stated at the oral argument, the Court will direct Plaintiffs to file a detailed and specific Rule 34 request for documents, with adequate specificity so that Defendants understand what specific documents are requested, with date ranges or other specific information that directly relates to the investments by Plaintiffs at issue in this case.  This request shall be served within thirty (30) days.

Defendants shall respond with specific objections within thirty (30) days.  Any objection based on burdensomeness shall be very specific as to why the request is overly burdensome.

---

[1] See also Braden, 588 F.3d at 598 (observing that when Plaintiffs allege imprudent fiduciary process, they "generally lack the inside information necessary to make out their claims in detail unless and until discovery commences.")

Counsel shall thereafter promptly have a meet and confer in an attempt to resolve any objections and any motion to compel must be filed within fourteen (14) days after the meet and confer and will be the subject of a further conference with the Court on a date to be set.

Defendants may serve Rule 34 requests on Plaintiffs, and also shall be very specific as to what is requested, and the Plaintiffs shall respond within thirty (30) days.

For the above reasons, the Motion to Dismiss will be **DENIED**, without prejudice and the grounds alleged may be the subject of a motion for summary judgment after a reasonable amount of discovery has taken place.


**DATED: 6/7/2023**                    **BY THE COURT:**

                                       **/s/ MICHAEL M. BAYLSON**

                                       _____
                                       **MICHAEL M. BAYLSON**
                                       **United States District Court Judge**

3